# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN

ANTHONY U. GRAY JR.                                                             PLAINTIFF

v.                                                        CIVIL ACTION NO. 1:14CV-P3-R

MATT MUTTER, JAILER *et al*.                                        DEFENDANTS

## MEMORANDUM OPINION

*Pro se* Plaintiff, Anthony U. Gray, Jr., proceeding *in forma pauperis* filed an action under 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, this action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff is currently incarcerated at the Todd County Detention Center. The allegations in his complaint, however, concern his detention while incarcerated in the Barren County Detention Center [BCDC]. Plaintiff names the following three Defendants in this action: (1) Matt Mutter, Jailer at BCDC; (2) Tracy Bellamy, Chief Deputy at BCDC; and (3) Sgt. Justin Hayes, Class D Coordinator at BCDC. Plaintiff sues Defendants in their official capacities. As relief, Plaintiff seeks monetary and punitive damages.

In his complaint, Plaintiff complains about three separate events that occurred while he was incarcerated at BCDC. Plaintiff states that the first event occurred on October 17, 2013. According to Plaintiff, while he was playing "Solitaire" inmate Dotson called him a "n----- and told [him] to get [his] n----- a-- out The way." Plaintiff states that he responded to the racial slurs by telling inmate Dotson that "if HE Ever disrespect[ed] me again i would forget He was

Handicap." Later, according to Plaintiff, two other inmates informed an officer that Plaintiff had spit on inmate Dotson. Plaintiff states that "without Investigation The Officer pulled out His TAZER And forced [him] to the floor." Plaintiff continues by stating that he was thereafter placed in isolation for three days. According to Plaintiff, while in isolation his mattress, sheets and blanket were taken from him for "16 hours a day from 5:30am until 10:30pm," so he had to "[s]leep on Steel with THe air on full Blast . . . ." Plaintiff states that he wrote to Defendants Mutter and Bellamy about the matter, but he received no reply. He also states that he spoke with Defendant Hayes about "[t]he ordeal and He Stated (N-----) was Just a word." Plaintiff asserts that this slur is "derogatory & Hateful," and that "[t]o Be Isolated with out proper Bedding was crule & unusual punishment."

The second incident about which Plaintiff complains occurred on November 10, 2013. On this date, according to Plaintiff, he was sleeping on the floor at BCDC due to overcrowding "[w]hen Inmate Curtin Swept [him] with a Broom." Plaintiff states that he confronted inmate Curtain and asked him "was He Sain or did He Have mental Issues." According to Plaintiff, inmate Curtain "[t]hen yelled f --- you N----- if i Have To get up You Have To get up And Swung THe Broom at me." Plaintiff states that he then "defended [himself] from Harm" which resulted in Plaintiff being placed in isolation again for four days. According to Plaintiff, his mattress, blanket and sheets were again taken from him for 16 hours each day while in isolation, and he had to sleep on steel which began to affect him mentally and emotionally. Plaintiff states that he once again tried to reach out to all three Defendants, but received no response. Plaintiff states being isolated without proper bedding "was Emotional and mentally draining plus crule & unusal."

According to Plaintiff, the third incident occurred on December 2, 2013. Plaintiff states that on this date, inmate Whinchester began choking inmate Shipply which resulted in inmate Shipply pushing inmate Whinchester to the ground. Plaintiff states that other inmates began to laugh because inmate Whinchester had done this to two other inmates without any action being taken. According to Plaintiff, inmate Whinchester stood up and asked Plaintiff if he thought it was "funny stupid N-----." Plaintiff states that "[b]eing The only African American in THese units was Starting To Wear Thin; Continued To Be called N-----." Plaintiff further states that he "[a]pproached Whinchester with Anger And Told Him if He Ever disrespect me again i would Smack Him in THe Mouth." According to Plaintiff, inmate Whinchester told "[t]He Officer i Hit Him in The mouth." Once again, Plaintiff states, he was placed in isolation for four days. According to Plaintiff, his mattress, sheets and blanket were taken from him for 16 hours each day while he was in isolation. Plaintiff states that "[a]nytime someone would say THe Black guy i was Automaticly Guilty And punished." Plaintiff represents that he wrote Defendants Mutter and Bellamy "[a]bout THe Racial Issue and How [he] feared for [his] safety still no response." Further, Plaintiff states that he spoke with Defendant Hayes on December 4, 2013, at which time he informed Defendant Hayes that he feared for his safety[1] and was not receiving help.

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

---

[1] As previously noted, Plaintiff is no longer incarcerated at the institution about which he complains, thus any fears he may have had for his safety in that institution no longer exist.

from such relief. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

*A. Due Process*

The Fourteenth Amendment prohibits any State from depriving "any person life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "The point is straightforward: the Due Process Clause provides that certain substantive rights—life, liberty, and property—cannot be deprived except pursuant to constitutionally adequate procedures." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985). The first inquiry in a Fourteenth Amendment due process claim is whether the interest at stake is within the Fourteenth Amendment's protection. *Arnett v. Myers*, 281 F.3d 552, 564 (6th Cir. 2002); *see also Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake."). "Only after reaching a conclusion that the interest claimed is within that protection does this court consider the form and nature of the process that is due." *Hamilton v. Myers*, 281 F.3d 520, 529 (6th Cir. 2002).

"In order to determine whether segregation of an inmate from the general prison population involves the deprivation of a state-created liberty interest protected by the due process clause, courts are to determine if the segregation imposes an 'atypical and significant' hardship on the inmate 'in relation to the ordinary incidents of prison life.'" *Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998) (citing *Sandin v. Conner*, 515 U.S. 472, 483 (1995)). "[U]nder *Sandin* a liberty interest determination is to be made based on whether it will affect the overall duration of the inmate's sentence . . . ." *Id.* Plaintiff does not allege that his placement in isolation affected the duration of his sentence. Thus, his allegation of placement in isolation for eleven days fails

5

to allege any interest protected by the constitutional guarantee of due process. *See Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (finding that a 61-day stay in administrative segregation was not atypical and significant); *Rogers v. Johnson*, 56 F. App'x 633, 636 (6th Cir. 2002) (finding that the prisoner's extended stay in administrative segregation did not give rise to a protected liberty interest); *Jones v. Baker*, 155 F.3d at 813 (finding that segregation for 30-months did not create a liberty interest violative of the Due Process Clause); *Collmar v. Wilkinson*, No. 97-4374, 1999 WL 623708, at *3 (6th Cir. Aug. 11, 1999) (finding that neither eight months administrative segregation nor 14-days disciplinary segregation constituted an atypical and significant hardship on inmates); *Jackson v. Hopkins Cnty. Det. Ctr.*, No. 4:12CV-P82-M, 2012 WL 5472024, at *6 (W.D. Ky. Nov. 9, 2012) (finding that "[p]laintiff has not stated a due process claim because freedom from placement in segregation is not a protected liberty interest as it does not 'impose atypical and significant hardship on [him] in relation to the ordinary incidents of prison life.'").

## B. *Conditions of Confinement*

"Extreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). An Eighth Amendment claim has both an objective and subjective component: (1) a sufficiently grave deprivation of a basic human need; and (2) a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting

6

*Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). However, as former Chief Justice Rehnquist remarked, "[i]n short, nobody promised [inmates] a rose garden; and I know of nothing in the Eighth Amendment which requires that they be housed in a manner most pleasing to them . . . ." *Atiyeh v. Capps*, 449 U.S. 1312, 1315-16 (1981).

Plaintiff asserts that being deprived of a mattress, sheets and blanket during the hours of 5:30a.m. and 10:30p.m. while in isolation constituted cruel and unusual punishment. The Court disagrees that these conditions which occurred on eleven days over the course of three months are a sufficiently grave deprivation of a basic human need to state an Eighth Amendment violation. *See, e.g.*, *Grisson v. Davis*, 55 F. App'x 756, 757 (6th Cir. 2003) (holding that an allegation of a seven-day deprivation of a mattress, sheets, and a blanket failed to state an Eighth Amendment claim); *Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. 2003) (allegations of overcrowded cells and denials of daily showers and out-of-cell exercise do not rise to constitutional magnitude, where a prisoner is subjected to the purportedly wrongful conditions for six days one year and ten days the next year); *Metcalf v. Veita*, No. 97–1691, 1998 WL 476254, at *2 (6th Cir. Aug. 3, 1998) (finding that an eight-day denial of showers, trash removal, cleaning, and laundry did not result in serious pain or offend contemporary standards of decency under the Eighth Amendment); *White v. Nix*, 7 F.3d 120, 121 (8th Cir. 1993) (eleven-day stay in unsanitary cell not unconstitutional because of relative brevity of stay and availability of cleaning supplies). The conditions to which Plaintiff alleges he was subjected may have been unpleasant, but were not unconstitutional.

## C. *Verbal Harassment*

Plaintiff complains that he was subjected to racist and harassing comments by other inmates. He does not allege that Defendants engaged in this conduct. However, even if he had,

verbal harassment and racist comments do not give rise to a constitutional violation. *Ivey v. Wilson*, 832 F.2d at 955; *see also Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (holding "harassment and verbal abuse . . . do not constitute the type of infliction of pain that the Eighth Amendment prohibits"); *Jackson v. Hopkins Cnty. Det. Ctr.*, 2012 WL 5472024, at *6 ("[W]hile reprehensible and not condoned, racial epithets and verbal abuse alone are insufficient to state a constitutional violation under § 1983."). Furthermore, while Plaintiff states that he complained to Defendants about the racist comments made to him, "liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

### D. 42 U.S.C. § 1997e(e)

There is an additional reason that this action must be dismissed. Pursuant to the Prison Litigation Reform Act [PLRA], 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." Plaintiff has not alleged the commission of a sexual act. He has also not alleged any physical injury in connection to the events about which he complains. Without the showing of some physical injury associated with his claims, Plaintiff's action fails. *See Jennings v. Mitchell*, 93 F. App'x 723, 725 (6th Cir. 2004) (finding that plaintiff's claim that he was uncomfortable after being sprayed with pepper spray was precluded by 42 U.S.C. § 1997e(e) since he failed to show more than a de minimis injury); *Adams v. Rockafellow*, 66 F. App'x 584,

8

586 (6th Cir. 2003) (affirming the district court's grant of summary judgment in favor of defendant since plaintiff failed to allege any physical injury arising out of the strip searches about which he complained); *Robinson v. Corr. Corp. of Am.*, 14 F. App'x 382, 383 (6th Cir. 2001) (affirming dismissal of claims for "emotional distress, embarrassment, humiliation, and itching" since plaintiff "suffered at most only de minimis physical injury"); *Bey v. Garber*, No. 99-1471, 2000 WL 658721, at *1 (6th Cir. May 12, 2000) (alleged humiliation and embarrassment suffered by inmate seen naked and laughed at by female corrections officers failed to satisfy physical-injury requirement); *Pryor v. Cox*, No. 97-3912, 1999 WL 1253040, at *1 (6th Cir. Dec. 13, 1999) (finding plaintiff's claim of being subjected to bad food, unsanitary conditions, and excessive heat without also claiming he had suffered any physical injury as a result of these conditions was meritless).

## IV.  CONCLUSION

Plaintiff having failed to state a claim upon which relief may be granted, the Court will enter a separate Order dismissing this case pursuant to 28 U.S.C. § 1915A(b)(1).

Date:

cc: Plaintiff, *pro se*
    Defendants
    Barren County Attorney
4413.003